UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK LAX, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-03078-TWP-MJD ) |
| WARDEN OF THE CORRECTIONAL INDUSTRIAL FACILITY, | ) ) ) |
| Respondent. | ) ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Mark Lax's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as CIC 18-04-0445. For the reasons explained in this Entry, Mr. Lax's petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

CIC 18-04-0445 is based on the following conduct report written on April 26, 2018, by Investigator A. Mills:

> On 3/30/2018 at approx 2: 18 pm, Offender Mark Lax 988393 (22L-3AS) assaulted Officer D. Bodkin outside of the visiting room. Offender Lax had just concluded a visit and became argumentative with staff because they were unable to locate food items that were purchased by his visitor for him. Offender Lax refused several orders from multiple staff to return to his assigned housing unit and to submit to restraints. Due to Offender Lax's continued refusal to comply with orders to submit to restraints and displaying increasingly aggressive and volatile behavior, Offender Lax was sprayed with OC. When Sgt. M. Snow attempted to place Offender Lax in restraints, Offender Lax assaulted Sgt Snow. Officer D. Bodkin attempted to assist in placing Offender Lax in restraints and was also assaulted by Offender Lax. Offender Lax punched Officer Bodkin in the head. Officer Bodkin received minor injuries from this assault but declined to seek medical attention for his injuries. Offender Lax's assault of Officer Bodkin places him in violation of ADP code A-102 Staff assault.

Dkt. 13-1.

In the portion of the conduct report reading, "Disposition of physical evidence, if any," Investigator Mills wrote, "See CONFIDENTIAL case file 18-CIC-0033." *Id.* The respondent has not filed the confidential case file in this habeas action. However, the Court takes judicial notice that the confidential case file has been filed in one of Mr. Lax's related disciplinary habeas cases. *See* Case No. 1:18-cv-03079-TWP-TAB, at dkt. 16. The confidential case file includes 130 pages of documents related to this incident, including a report of investigation; photographs of Mr. Lax, the officers involved in the incident, and their clothing; medical records documenting the officers' injuries; and reports by the officers involved in the incident. Notably, the confidential case file includes a use-of-force report by Officer Bodkin, in which he wrote:

> While speaking with Officer Martin, Offender Lax became combative toward him. He then swung at me striking me on the left side of my face.

*Id.* at 55.

On April 28, 2018, Mr. Lax received notice that he had been charged with assaulting staff in violation of Code A-102. Dkt. 13-3. He was convicted at a hearing on May 3, 2018. Dkt. 13-5. According to the hearing officer, Mr. Lax asserted in his defense that he did not strike Officer Bodkin on purpose but was defending himself after being sprayed with OC. *Id.* The hearing officer explained that he found Mr. Lax guilty based on all the evidence in the confidential case file, video of the incident, and photos of staff. *Id.*

The hearing officer assessed sanctions, including the deprivation of 365 days' earned credit time. *Id.* In addition, the hearing officer recommended that Mr. Lax be deprived of *all* his earned credit time pursuant to an Indiana Department of Correction (IDOC) executive directive because his assault was against a staff member. *Id.* However, the IDOC eventually vacated that additional sanction. Dkt. 13-9. Mr. Lax's administrative appeals were otherwise denied. *See* dkts. 13-6, 13-7, 13-8.

### III. Analysis

Mr. Lax's challenges to his disciplinary conviction in CIC 18-04-0445 can be divided into three categories. One group of challenges asserts that he was denied due process because the prison staff did not adhere to IDOC policies and procedures in documenting and administrating the disciplinary proceeding and the event that gave rise to it. The second group of challenges takes issue with the severity of the sanctions assessed against him. Finally, the third group of challenges concern the evidence supporting Mr. Lax's conviction. For the reasons set forth below, none of these challenges identifies a due-process violation entitling Mr. Lax to habeas relief.

**A.    Failure to Adhere to IDOC Policy**

Mr. Lax argues that he was denied due process because several aspects of the disciplinary proceeding were not conducted according to IDOC policy. For example, the conduct report was

not written or signed by the proper prison officials; certain paperwork regarding the video evidence was not completed; the conduct report was not signed properly; and the hearing officer did not properly consider Mr. Lax's conduct record and other potentially mitigating circumstances in determining his sanctions. *See* dkt. 5.

Even if Mr. Lax's claims are true, they do not justify habeas relief. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner,* 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis,* 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief.").

**B.    Severity of Sanctions**

Mr. Lax asserts three arguments that the hearing officer violated his due process rights by depriving him of 365 days' earned credit time and then eliminating his entire earned credit time balance. These arguments each fail.

Any argument concerning the elimination of Mr. Lax's entire earned credit time balance is moot because the IDOC ultimately vacated that sanction. *See* Dkt. 13-9. "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted). "It has long

4

been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)). Because the IDOC has already vacated this sanction, the Court cannot consider the legal propriety of assessing the sanction in the first place.[1]

Mr. Lax also asserts that the hearing officer assessed harsher sanctions against him than have been applied to other inmates who have been convicted of the same disciplinary violation. If this allegation is true, it does not amount to a deprivation of due process. "[I]nmates do not have a right to receive the same sanctions as others convicted of the same offenses." *Sweatt v. McBride*, 24 F. App'x 572, 575 (7th Cir. 2001) (citing *Williams v. Illinois*, 399 U.S. 235, 243 (1970)). Mr. Lax does not have a right to receive sanctions that are the same as those assessed against other inmates, but rather to receive sanctions that are not arbitrary. *See id.*; *Turner v. Davis*, 41 F. App'x 871, 872 (7th Cir. 2002). But Mr. Lax's disciplinary conviction is supported by evidence, *see* Part III(C), *infra*, and there is no dispute that the hearing officer's decision to deprive Mr. Lax of 365 days' earned credit time was based on the IDOC's Disciplinary Code. *See* dkt. 13-10 at 1–2 n. 3. Accordingly, the Court has no basis to determine that the sanctions imposed against Mr. Lax were arbitrary.[2]

Finally, Mr. Lax argues that the hearing officer failed to consider certain factors when selecting his sanctions and therefore did not satisfy the procedural requirements of the Disciplinary

---

[1] This ruling does not necessarily preclude Mr. Lax from raising this challenge in another disciplinary habeas case where the same sanction was assessed and has not been vacated.

[2] To the extent Mr. Lax asserts that the hearing officer violated his Fourteenth Amendment right to equal protection of the laws, the Court cannot hear this claim in a habeas proceeding. The sole question at issue in this disciplinary habeas proceeding is whether Mr. Lax was denied any of the due process protections afforded by *Hill*, 472 U.S. 445, or *Wolff,* 418 U.S. 539.

Code. This argument again amounts to an assertion that the respondent ran afoul of IDOC policy, and it fails for the reasons set forth in Part III(A), *supra*.

**C.    Sufficiency of the Evidence**

Mr. Lax asserts several challenges to the evidence supporting his disciplinary conviction—for example, that the conduct report was not written by an eyewitness and that the video evidence does not conclusively show him striking Officer Bodkin.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Investigator Mills' conduct report is "some evidence" supporting the hearing officer's finding of guilt. As Mr. Lax notes, Investigator Mills was not an eyewitness to the incident. However, the conduct report refers to the confidential case file, indicating that Investigator Mills prepared the report based on the evidence assembled in that investigation. *See* dkt. 13-1. The conduct report indicates that, based on that evidence, Investigator Mills determined that Mr. Lax "punched Officer Bodkin in the head." *Id.* The confidential case file includes extensive evidence supporting that conclusion, including Officer Bodkin's own use-of-force report stating that Mr. Lax struck him on the left side of his face. *See* Case No. 1:18-cv-03079-TWP-TAB, dkt. 16 at 55.

6

There can be no dispute that punching Officer Bodkin would amount to assault in violation of Code A-102, and Investigator Mills' conduct report and the confidential case file are "some evidence" that Mr. Lax punched Officer Bodkin. Moreover, the hearing officer's report makes clear that he viewed and considered that evidence in finding Mr. Lax guilty. *See* dkt. 13-5.

When assessing the sufficiency of the evidence in a habeas proceeding, the Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). Instead, the Court must limit its inquiry "to whether *any reliable evidence* exists to support the conclusions drawn by the hearing officer." *Id.* (emphasis added).

The evidentiary challenges Mr. Lax raises all concern what weight should be afforded to certain pieces of evidence—not whether there is evidence supporting the conviction. Certainly, an incriminating statement from an eyewitness or video evidence conclusively showing Mr. Lax strike Officer Bodkin would *strengthen* the body of evidence supporting the hearing officer's decision. But the facts that Investigator Mills was not an eyewitness and that the video was inconclusive are reasons to question the weight the hearing officer should have given Investigator Mills' report and the video. The Court may not entertain those questions. Investigator Mills' report and the investigative documents it is based on are "some evidence" supporting the hearing officer's decision, so Mr. Lax's conviction is supported by sufficient evidence.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. Mr. Lax's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he

seeks. Accordingly, Mr. Lax's petition for a writ of habeas corpus is **denied**, and the action is **dismissed**. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 10/10/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK LAX
988393
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov